IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS DIAS,

      Plaintiff,                      No. 2:11-cv-2364 WBS KJN

      v.

RAUL REYNA, JR. et al.,

      Defendants.             ORDER

/

        Presently before the court are plaintiff's motions to compel production of documents pursuant to a subpoena to the California Highway Patrol ("CHP") and pursuant to document requests propounded on defendants, noticed for hearing on November 15, 2012. (Dkt. Nos. 24, 25.) Subsequently, defendants filed a motion for a protective order, also noticed for hearing on November 15, 2012, regarding what appears to be the same or substantially similar document requests at issue in plaintiff's motions to compel. (Dkt. No. 28.)

        Due to the apparently overlapping issues presented by plaintiff's motions to compel and defendants' motion for protective order, and in the interests of judicial economy, the court finds it appropriate to require the parties to brief all the pending motions in a <u>single joint statement</u> (as opposed to separate joint statement(s) and or motions, opposition, and reply briefs)

////

1

to be prepared by the parties in accordance with the requirements of E.D. Cal. L.R. 251(c).[1]  All argument regarding these motions shall be contained in this single joint statement, and the court will not consider any other briefing submitted.  However, the joint statement may refer to appropriate declarations and exhibits, either already filed or filed concurrently with the single joint statement, for any necessary factual material.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's previous order setting a briefing schedule on plaintiff's motions to compel (dkt. no. 26) is VACATED.

2. The parties shall file a single joint statement regarding the pending motions (dkt. nos. 24, 25, and 28) in accordance with this order no later than November 5, 2012.

IT IS SO ORDERED.

DATED: October 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] It is the court's understanding, based on plaintiff's representation, that non-party CHP is represented by the same counsel as defendants.  (See Dkt. No. 24 at 2.)  In the unlikely event that the parties are unable to brief any particular issue in a single joint statement, the parties shall so advise the court within seven (7) days of this order.  Additionally, CHP's participation in the drafting of the joint statement shall not change CHP's status as a non-party or be deemed an appearance by CHP in this action.