1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   JILL H. TALLEY, State Bar No. 178207
    Supervising Deputy Attorney General
3   AMY LINDSEY-DOYLE, State Bar No. 242205
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 322-0260
6     Fax: (916) 324-5567
      E-mail: Amy.LindseyDoyle@doj.ca.gov
7   *Attorneys for Third Party*
    *California Highway Patrol*

8

9   **LAW OFFICE OF STEWART KATZ**
    STEWART KATZ, State Bar #127425
10   GUY DANILOWITZ State Bar # 257733
    555 University Avenue, Suite 270
11   Sacramento, California 95825
    Telephone: (916) 444-5678
12

13   Attorneys for Plaintiff
    THOMAS DIAS

14

15                 IN THE UNITED STATES DISTRICT COURT

16             FOR THE EASTERN DISTRICT OF CALIFORNIA

17

18

| | |
|---|---|
| 19   **THOMAS DIAS,** | 2:11-CV-2364-WBS-KJN |
| 20                Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| 21     **v.** | |
| 22 | |
| 23   **CALIFORNIA HIGHWAY PATROL OFFICER RAUL REYNA, JR. (#16632);** | |
| 24   **CALIFORNIA HIGHWAY PATROL CAPTAIN DARREN IKETANI (#9630);** | |
| 25   **CALIFORNIA HIGHWAY PATROL LIEUTENANT DAN SEAMAN (#16370)** | |
| 26   **and DOES 1 through 30, inclusive,** | |
| 27                Defendants. | |

28

1

Pursuant to the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between, non-party California Highway Patrol, Plaintiff, Defendants and their attorneys and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

1.     "Designating Party" means either non-party CHP or any party producing Documents or information under this Protective Order.

2.     "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, Rule 1001 of the Federal rules of Evidence and relevant case law.

3.     "Confidential Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

a.     "CONFIDENTIAL" designates information that a Designating Party reasonably believes to be confidential due to safety, security or privacy reasons, that are not readily available to the public, that not been published/made public and the disclosure of said documents would have the effect of causing harm.

4.     The documents eligible for protection under this order include:

a.     Personnel Files (which includes but is not limited to a state employee's Official Personnel File, training or disciplinary files, supervisory files or any investigatory files) of any individual CHP officer, including those individually named in the action herein, and any third party CHP officers whose files may later be produced in connection with this action.

b.     Any other documents stipulated by CHP, Plaintiff and Defendants or otherwise ordered by the court as "confidential," and produced pursuant to the terms of this Order.

2

5.     By designating documents as "confidential" under the terms of this Order, the Designating Party is certifying to the Court that there is a good faith basis in both law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26 (g).

6.     The Designating Party producing "confidential" information shall identify the information by bates stamping copies of the document with the word "CONFIDENTIAL."  The Designating Party shall also watermark and/or affix legends to such documents using the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7.     Documents designated "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action and for no other purpose.

8.     Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party, or non-party CHP (including the paralegal, clerical and secretarial staff employed by such counsel).  Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order to the expert and require and receive an executed acknowledgment of the Order by the expert prior to providing the records to any retained expert.

9.     The Confidential Material produced pursuant to his Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); and (iv) in all circumstances when federal law requires redaction.  Each redaction must be identified by showing what information has been redacted (e.g. "social security number," etc.).  This provision complies with Easter District Local rule 140.

10.   If Plaintiff, Defendants or CHP would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties and the CHP.  Plaintiff, Defendants and CHP shall comply with the requirements of Eastern District local Rule 141, in the event that a party would like Confidential Material to be sealed. The Parties agree a request to

3

seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference.

11.     Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action.  In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use.  If any Confidential Material is used in a deposition then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

12.     This order is entered for the purpose of facilitating the exchange or documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

13.     Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

14.     If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and counsel for the CHP, and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

15.     This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

4

Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 days of final termination of this action which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

Dated:  11/2/2012
                                                         KAMALA D. HARRIS
Attorney General of California
JILL H. TALLEY
Supervising Deputy Attorney General

*/s/ Amy B. Lindsey-Doyle*
AMY LINDSEY-DOYLE
Deputy Attorney General
*Attorneys for Third Party*
*California Highway Patrol*

Dated:  11/2/2012
                                                         KAMALA D. HARRIS
Attorney General of California
ALBERTO GONZALES
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*
CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants*
*Officers Reyna, Seaman, Iketani*

Dated:
                                                         LAW OFFICE OF STEWART KATZ

*/s/ Stewart Katz*
STEWART KATZ
*Attorneys for Plaintiff*
*Thomas Dias*

5

1        The undersigned has considered the stipulated protective order filed and signed by the

2   parties and the California Highway Patrol on November 2, 2012.  The parties' stipulated

3   protective order is APPROVED, except that the court will not retain jurisdiction over the

4   stipulated protective order and related disputes after termination of the action.  See E.D. Cal. L.R.

5   141.1(f) ("Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain

6   jurisdiction over enforcement of the terms of any protective order filed in that action").

7        Furthermore, while the parties may request a telephonic conference or a hearing on

8   shortened time regarding a dispute over confidentiality or a request to seal documents, the parties

9   are not automatically entitled to such relief absent a showing of good cause.

10

11

12  **IT IS SO ORDERED.**

13  **Date:  11/5/2012**

14  _____
    KENDALL J. NEWMAN
15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

6